[Civ. No. 12898. Second Dist., Div. Two.—April 24, 1941.]

ROBERT A. TODD, Appellant, v. WM. J. McNICHOLS et al., Respondents.

Robert A. Todd, *in pro. per.*, for Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Robert J. Stahl, Deputy City Attorney, for Respondents.

McCOMB, J.—This is an appeal on the judgment roll from a judgment denying any relief to petitioner, a retired member of the City Employees' Retirement System of the City of Los Angeles, who sought a writ of mandate to compel the respondents to calculate the amount of his retirement allowance in the manner for which he contends as opposed to the method so far used in other similar cases by respondent. The trial judge sustained a demurrer without leave to amend to the petition.

Article XXXIV of the Charter of the City of Los Angeles was adopted in May of 1937 to become effective as of July 1st of that year. It for the first time provided a retirement or pension system for employees of the city other than firemen and policemen. Very briefly, and with certain specific exceptions not necessary to be herein noted, all civil service employees must, and non-civil service employees may, become members of the retirement system. Those members who have completed ten or more years of city service as defined in the article may, upon their own application, at any time after age sixty, be retired; and every member reaching age seventy is automatically retired. Upon retirement every member is to be paid a retirement allowance which consists of three items:

(1) An annuity purchased by his own contributions to the retirement fund;

(2) A pension to be paid by the city on account of service subsequent to July 1, 1937, and

(3) A pension to be paid by the city on account of service prior to said date.

In addition to the three items just mentioned there is a fourth item to be allowed in certain cases of compulsory retirement at age seventy. The only question involved on this appeal has to do with the manner in which the amount of this additional pension to be paid by the city shall be computed.

There is no dispute as to the facts in this case. Appellant, for a period of eight years, commencing January 1, 1897, and ending December 31, 1904, served first as secretary to the mayor and then as a member of the city council. He reentered the city service July 1, 1933, as a deputy city attorney, which position he continued to occupy until April 1, 1940, a period of six and three-quarters years. He became a member of the retirement system as of July 1, 1937, and was compulsorily retired on account of having reached age seventy April 1, 1940.

In determining the amount of his retirement allowance the respondents calculated first the amount of annuity purchased with his contributions paid into the fund between July 1, 1937, and the date of his retirement. There is no dispute as to this item. They next calculated the amount of the pension to be paid appellant on account of service rendered subsequent to July 1, 1937, and in doing so, took the average salary received by appellant over the last ten-year period of his city service which included the six and three-quarters years served between July 1, 1933, and April 1, 1940, as well as three and one-quarter years served next preceding December 31, 1904. The third item, calculated for the purpose of determining the total retirement allowance to be paid appellant, was the amount of pension to be paid on account of service prior to July 1, 1937. In computing this amount respondents took the total of the number of years served by appellant prior to July 1, 1937, which included the eight years served between 1897 and 1904, plus the four years elapsing between 1933 and 1937, and allowing for each such year the fractional part of his "final compensation" allowed on account of his prior service, arrived at the amount of pension to be paid by the city on account of such service.

There is no complaint from petitioner as to any of the calculations or amounts up to this point. The total of the three items so far determined did not, however, equal 30

per cent of the final compensation of appellant, which amounts to $201.04 per month, being the average of $249.69 per month for the six and three-quarter year period he served as deputy city attorney (1933–1940) and $100 per month for three and one-quarter years which appellant received as a member of the city council during his former employment. Petitioner was therefore allowed, under the special provision with reference to compulsory retirement at age seventy, the difference between the total of items (1), (2) and (3) as calculated and 30 per cent of his final compensation which gave to him a total retirement allowance of $60.31 per month. It is the contention of appellant that so far as the calculations of this minimum retirement allowance is concerned, only the salary or compensation earnable during the last ten calendar-year period of the member's service may be considered, and where, as in this case, there has not been a full ten-year period of employment immediately preceding retirement, the minimum retirement allowance is to be predicated upon the salary received during the time of actual employment, whatever that period may have been.

In the instant case the average salary paid to petitioner over the last ten-year period of service is $201.04 per month, while his average salary during the last ten-year calendar period immediately preceding retirement amounts to $249.69 per month. Petitioner, as a member of the retirement system compulsorily retired at age seventy, is entitled to such additional pension that his total retirement allowance shall be not less than 30 per cent of a certain figure. Query: What is this figure?

Subsection C of section 508 of the charter of the City of Los Angeles reads thus:

"C. Any member retired on account of service shall receive a retirement allowance which shall consist of:

"(1) An annuity which shall be the actuarial equivalent of his accumulated contributions at the time of his retirement, calculated in accordance with approved actuarial methods.

"(2) A pension for services rendered subsequent to July 1, 1937, which pension shall be equal to one-one-hundred-fortieth (1/140) of the final compensation of such member, multiplied by the number of years and parts thereof of such subsequent service.

"(3) Each member having credit for prior service shall receive an additional pension provided by the city equal to one-seventieth (1/70) of the final compensation of such member, multiplied by the number of years of such prior service; provided that every member who becomes such by virtue of being an employee on the 1st day of July, 1937, and who is compulsorily retired by reason of having reached the age of seventy (70) years as herein provided, *shall receive such additional pension that his retirement allowance shall be not less than thirty (30) per cent of the average annual compensation earnable by such member during the last ten-year period or such portion thereof as he was employed immediately preceding his retirement.*" (Italics added.)

 Petitioner relies for reversal of the judgment on this proposition:

*In computing the 30 per cent of the average annual compensation earned by him referred to in paragraph (3) of subsection C of section 508 of the Charter of the City of Los Angeles, his salary for the 6 3/4 year period immediately prior to his retirement should be used and not his average annual compensation for the 10 years during which he was last employed by the city of Los Angeles.*

We are of the opinion that this proposition is valid. The language in paragraph (3) of subsection C of section 508 of the city charter is clear and unequivocal. It provides that, when a city employee entitled to compensation is compulsorily retired for the reason that he has reached seventy years of age, he "shall receive such additional pension that his retirement allowance shall be not less than thirty (30) per cent of the average annual compensation earnable by such member during the last ten-year period or such portion thereof as he was employed immediately preceding his retirement." This provision is clear and leaves no room for judicial construction or interpretation. The fact that some other basis of calculation might be more equitable or that in specific instances the present basis of calculation might work injustice does not authorize a court to change, add to, alter, or otherwise deviate from the clear and unequivocal language of the charter provision itself.

For the foregoing reasons the judgment is reversed with directions to the trial court to overrule the demurrer to the

petition, allowing respondents a reasonable time within which to file an answer, if they be so advised.

Moore, P. J., and Wood, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied June 19, 1941.