**Thomas B. SAWYER, Plaintiff-Appellant,**

v.

**COUNTY OF SONOMA and Retirement Board of the County of Sonoma, Defendants-Appellees.**

**No. 82–4401.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 18, 1983.

Decided Nov. 1, 1983.

Thomas B. Sawyer, Santa Rosa, Cal., for plaintiff-appellant.

Caroline Kerl, Deputy County Counsel, Santa Rosa, Cal., for defendants-appellees.

Before CHOY and SNEED, Circuit Judges, and RAFEEDIE *, District Judge.

RAFEEDIE, District Judge:

■ Appellant, a former Deputy County Counsel for the County of Sonoma (the "County"), brought this action against the County and the County Retirement Board (the "Board") seeking additional retirement benefits pursuant to 10 U.S.C. § 1336.[1] The parties filed cross motions for summary judgment and the district court granted appellees' motion, finding that appellant's claim for additional retirement benefits was barred by his failure to timely file a proper request therefor. We find no material facts are in dispute and that the district court properly concluded that appellees were entitled to summary judgment. We therefore affirm.[2]

---

* Honorable Edward Rafeedie, United States District Judge, Central District of California, sitting by designation.

1. Title 10 U.S.C. § 1336 provides:

No period of service included wholly or in part in determining a person's right to, or the amount of, retired pay under this chapter [10 U.S.C. §§ 1331 *et seq.*] may be excluded in determining his eligibility for any annuity, pension, or old-age benefit, under any other law, on account of civilian employment by the United States or otherwise, or in determining the amount payable under that law, if that service is otherwise properly credited under it.

2. In reviewing a grant of a motion for summary judgment under Fed.R.Civ.P. 56(c), this court must view the evidence in the light most favorable to the party against whom summary judgment was entered. Furthermore, we apply the test of whether the district court correctly found that there was no genuine issue of material fact and that the prevailing party was entitled to judgment as a matter of law. *Radobenko v. Automated Equipment Corporation,* 520 F.2d 540, 543 (9th Cir.1975).

I

Appellant was employed as a Deputy County Counsel from July 1, 1969 to February 1, 1977. Prior to his employment with the County, appellant served in the United States Army. In March 1934, appellant was commissioned an officer of the United States Army Reserve. From December, 1940 until January, 1946, he was on active duty in the United States Army, and thereafter served in the Army Reserve until 1962. Because he completed twenty years of Reserve service, he became eligible for military retirement benefits at age sixty in June, 1972.

The County maintains a retirement program for its employees pursuant to the County Employees Retirement Law of 1937, Cal.Gov't Code § 31450 et seq. (West 1968).[3] In anticipation of his retirement from the County Counsel's office, appellant inquired of County and Board personnel whether he was entitled to credit for his five-plus years of prior active military service for the purpose of receiving additional retirement benefits. Under § 31641.1[4], a county employee may accumulate credit for all years of public service[5] for purposes of calculating retirement benefit payments so long as the employee: (1) files a written notice of elec-

tion to claim the prior service and (2) makes the contributions required under § 31641.2 before retirement.[6] Appellant was advised that he was precluded from obtaining such credit because he was then eligible to receive a pension for his military service, and § 31641.4 disallowed credit under those circumstances.[7] After researching the matter independently, appellant concluded he had been correctly advised and did not apply in writing for prior service credit before leaving the County's employ.

Three and one-half years after appellant's retirement, we issued our decision in *Cantwell v. County of San Mateo,* 631 F.2d 631 (9th Cir.1980), *cert. denied,* 450 U.S. 998, 101 S.Ct. 1703, 68 L.Ed.2d 199 (1981). We there held that § 31641.4 conflicted with 10 U.S.C. § 1336, and insofar as § 31641.4 restricted an employee's right to credit for prior military service by reason of an existing pension for that service, it was invalid on supremacy principles. Post *Cantwell,* an employee who is eligible to receive pension benefits for prior military service may nevertheless apply for and receive credit for such service *provided* the request for credit complies with the applicable statutory provisions.

3. All citations are to the California Government Code unless otherwise indicated.

4. Section 31641.1 provides:
A member who was in public service before becoming a member may elect by written notice filed with the board to make contributions pursuant to Section 31641.2 and to receive credit in the retirement system for all allowed public service time. Credit for part-time service shall be calculated as provided in Section 31641.5.

5. The term "public service" is defined in § 31479:
"Public service" means service rendered as an officer or employee of a public agency for which service the officer or employee received compensation from the public agency and with respect to which he is not entitled to receive credit in any retirement system supported wholly or in part by public funds after he becomes a member of this system.

6. Section 31641.2 permits a public employee seeking to accumulate prior service to pur-

chase additional benefits by making a cash contribution to the retirement system prior to retirement as follows in pertinent part:
Any member of the retirement system who elects pursuant to Section 31641.1 to make contributions and receive credit as service for time for which he claims credit because of public service shall contribute to the retirement fund, prior to the effective date of his retirement, by lump sum payment or by installment payments over a period not to exceed five years, . . . .

7. Section 31641.4 provides:
A member shall receive credit for employment in public service only for such service as he is not entitled to receive a pension or retirement allowance from such public agency. The service for which he elects to contribute and the fact that no pension or retirement allowance will accrue to such member by virtue of his employment in such public agency must be certified to by an officer of the public agency where he rendered such public service or must be established to the satisfaction of the board.

Relying upon *Cantwell,* appellant presented a written application to the Board for prior service credit and offered to make the appropriate contribution. His application was denied on the ground that it was not timely. Appellees' position then and now is that appellant failed to meet the statutory criteria for eligibility, to wit, that a written election *and* the required contributions be presented to the Board *prior* to the effective date of retirement. Appellant does not dispute that he failed to make a timely election. Rather, he contends that *Cantwell* does not bar his request for prior service credit because he substantially complied with the written notice requirement. He further contends that he is excused from satisfying the written election requirement on the grounds of estoppel, waiver or futility.[8]

## II

In *Cantwell,* this court held that as to public employees with prior military service, federal law preempted the provision of § 31641.4 that the employee is not eligible to "buy" additional pension benefits for prior public employment if he is already eligible for pension benefits from that employer. This court did not hold, however, that the federal interest in regulation of pensions affecting military personnel preempted all aspects of the California statutory scheme. At issue in *Cantwell,* and in the case at bar, is the effect of failing to make the written election required by § 31641.1.

In *Cantwell,* the employee sought to add on his prior military service in order to terminate his continuing obligation to make pension fund contributions. The district court concluded that Cantwell was "eligible" to discontinue making pension fund contributions on August 17, 1974—the date he accumulated thirty years of service (including therein the credit for military service). However, Cantwell did not submit his written election to make the required contribution until November 17, 1975. The district court held that Cantwell was not bound by the written notice requirement because to so submit would have been a futile act, and he was therefore entitled to a refund for all pension contributions made after August 17, 1974.

This court reversed, holding that filing the written election to make the necessary contribution was a statutory prerequisite to obtaining credit for prior service, and that this condition applied to military service as well. *Cantwell,* 631 F.2d at 638. Thus, although Cantwell filed his notice of election *before* his retirement as required by § 31641.2, we held that an employee relying on prior service credit towards the required thirty years of service was not entitled to this credit *until* the obligatory written notice was submitted to the Retirement Board. Consequently, Cantwell was only entitled to a refund of payments made after November 17, 1975, the date the written election was filed.

Furthermore, this court held that filing in this circumstance was not a "futile act." It is clear, regardless of when Cantwell filed his notice, that it would have been denied. However, the concept of futility includes considerations other than the interests of the applicant. In *Cantwell,* we recognized that written notification serves two important administrative purposes: (1) it pro-

---

**8.** In *Cantwell,* the county employee sought to obtain credit for his prior military service in order to amass thirty years of continuous service and thereby terminate his responsibility to make pension contributions. Section 31625.2 provides:

Notwithstanding any other provisions of this chapter, contributions shall not be deducted from the salary of any member having credit for 30 years' service providing such member was a member on the effective date of this section and remained in membership continuously until credited with 30 years' service.

In the case at bar, appellant seeks to purchase credit for his active military service in order to obtain the right to increased pension payments upon retirement pursuant to § 31676.12. In either situation, the employee is required, pursuant to §§ 31641.1 and 31641.2, to file a written election and make the appropriate contributions before retirement. Thus, appellant's distinction of *Cantwell* on the ground that it deals with a different statute is not well founded.

vides official notice that the employee has prior service for which he is seeking credit, and (2) it puts the entire retirement board on official notice of the employee's intention so that it may make a thorough investigation of the prior service and compute the amount of the necessary contribution. *Cantwell*, 631 F.2d at 638.

██ Thus, *Cantwell* requires that credit be available for prior military service notwithstanding the employee's eligibility for military pension benefits, but *Cantwell* also requires adherence to the statutory prerequisites for receiving this credit.[9] Requiring such compliance in no way defeats the policy of liberally construing public pension legislation.[10] When a public body establishes its pension system, it has wide latitude in prescribing terms and conditions for employee benefits. *Wallace v. Fresno*, 42 Cal.2d 180, 183, 265 P.2d 884, 886 (1954). The requirement of written notice prior to retirement is a statutory condition to obtaining credit, and when the language of a provision in pension legislation is free from ambiguity, a court may not amend or enlarge the section under the guise of liberal statutory interpretation. *Todd v. McNichols*, 44 Cal.App.2d 448, 452, 112 P.2d 675 (1941). Consequently, absent a showing of compelling equitable bases for disregarding the filing requirement, it must be satisfied.

### A. The Question of Estoppel

██ Appellant seeks to estop appellees from demanding strict compliance with the statutory prerequisites for obtaining prior service credit.[11] Earlier cases frequently declared that estoppel against the government is rare and should be invoked only in extraordinary circumstances. *See, e.g., San Diego v. California Water and Telephone Co.*, 30 Cal.2d 817, 825, 186 P.2d 124, 130 (1947). The modern rule is more flexible, and generally permits the application of estoppel against the government when the traditional elements of estoppel are present.[12]

██ In *Cantwell*, on facts similar to these, we concluded that estoppel could not

---

9. It should be noted that the requirement of compliance with statutory prerequisites to obtain credit for prior military service does not originate from our decision in *Cantwell*, but is instead an express provision of 10 U.S.C. § 1336, which requires that the military service be "otherwise properly credited under" the County retirement scheme.

10. In *Gorman v. Cranston*, 64 Cal.2d 441, 50 Cal.Rptr. 533, 413 P.2d 133 (1966), the court held that pension legislation must be liberally construed and applied to the end that the beneficial results of such legislation may be achieved.

11. The parties disagree as to what law applies to the estoppel issue. The federal standard is more stringent than the standard under state law, as the federal standard requires a finding of "affirmative misconduct" on the part of government officials (in addition to the traditional elements) in order to invoke estoppel. *See Santiago v. Immigration and Naturalization Service*, 526 F.2d 488, 492 (9th Cir.1975), *cert. denied*, 425 U.S. 971, 96 S.Ct. 2167, 48 L.Ed.2d 794 (1976). This court has applied state law on the estoppel question when the party to be estopped is a state government or a subdivision thereof. *Laguna Hermosa Corp. v. Martin*, 643 F.2d 1376, 1380 (9th Cir.1981); *see also, Kinzli v. City of Santa Cruz*, 539 F.Supp. 887, 901–902 (N.D.Cal.1982). We find, as we concluded in *Cantwell*, that estoppel is inapplicable whether California law or federal law is applied.

12. The doctrine of estoppel or "estoppel in pais" rests on fundamental notions of conscience, equity and fair dealing. *See Fullerton Union High School District v. Riles*, 139 Cal. App.3d 369, 378, 188 Cal.Rptr. 897, 902 (1983); *City of Long Beach v. Mansell*, 3 Cal.3d 462 at 488, 91 Cal.Rptr. 23, 476 P.2d 423. To invoke the doctrine, the following elements must be established: (1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) the latter must rely on the former's conduct to his injury. *City of Long Beach v. Mansell*, 3 Cal.3d at 489, 91 Cal.Rptr. 23, 476 P.2d 423. Generally, the existence of estoppel is a question for the trier of fact. *House v. State*, 119 Cal.App.3d 861, 877, 174 Cal.Rptr. 279, 289 (1981). However, if the facts are not disputed, and only one inference can be drawn from the evidence, the question of estoppel becomes one of law. *Driscoll v. City of Los Angeles*, 67 Cal.2d 297, 305, 61 Cal.Rptr. 661, 666, 431 P.2d 245, 250 (1967); *accord, Shamrock Development Company v. City of Concord*, 656 F.2d 1380, 1386 (9th Cir. 1981) (interpreting California law). It is not clear from the record below whether the district court fully explored the possibility of ap-

be asserted against the County. The circumstances of these cases simply do not warrant the application of estoppel, as appellant was not a victim of the government's misconduct or "misfeasance." He was correctly advised (at the time the advice was given) that he was not eligible for prior service credit. Thus, there were no "representations" that were relied upon by appellant in his ignorance. The evidence is undisputed that he knew full well the content and meaning of the statutory preconditions to receiving credit.[13] Even if he did not, there can generally be no estoppel unless some element of culpability is attached to the party to be estopped (i.e., some misfeasance amounting to at least negligence).[14] No such culpability is (or could be) alleged here, as any statements to appellant regarding his eligibility were correct at the time they were made.[15]

**B. Issues of Futility, Substantial Compliance and Waiver**

■ Appellant contends that it would have been futile to submit a written claim, in light of the knowledge that he was as a matter of law ineligible for credit. It is clear that his claim would have been rejected. However, that fact does not make the filing a futile act.[16] In *Cantwell,* this court rejected appellant's argument, holding that the filing of a written notice serves important purposes which are only satisfied "by compliance therewith." *Cantwell,* 631 F.2d at 638. Appellant's filing would have been no more or less futile than would filing have been in *Cantwell,* but we nonetheless held that only by filing the written notice will a retirement board be properly notified of the claim that is being made.

■ Appellant also contends that he "substantially complied" with the written election requirement by virtue of the several oral inquiries he made concerning additional benefits. However, appellant's position in this regard raises the same objections as those raised to the futility argument. The statutory provisions requiring a written election must be fully satisfied in

---

plying estoppel in this case. However, we find there to be no material facts in dispute and thus conclude that the question of estoppel is properly resolved at this time as a matter of law.

**13.** Assuming arguendo that appellant was somehow misinformed, an essential element of estoppel is that the aggrieved party must be ignorant of the true facts. Appellant's own evidence demonstrates that he had read the Government Code provisions relating to credit for prior service. Thus, he knew that § 31641.1 required a written election to make contributions and § 31641.2 required that such contributions be made *prior* to retirement.

Furthermore, as the court noted in *Driscoll v. City of Los Angeles,* 67 Cal.2d 297, 308, 61 Cal.Rptr. 661, 431 P.2d 245 (1967), it is significant for purposes of estoppel whether "the claimant is one who purports to have no knowledge or training which would aid him in determining his rights . . . ." Appellant was a practicing attorney, specializing in administrative matters, and having apparent close contact with members of the Board. He, of all people, was in a unique position to understand the significance of statutory requirements for eligibility and to protect his legal rights.

**14.** Even under the less strict state standard of estoppel, *some* element of turpitude on the part

of the party to be estopped is required. *See City of Long Beach v. Mansell,* 3 Cal.3d 462, 490 n. 24, 91 Cal.Rptr. 23, 476 P.2d 423 (1970).

**15.** In limited circumstances, California law would permit the application of a form of "estoppel" even when the individual is correctly advised, but the advice is later held to have been based on an incorrect (or unconstitutional) application of the law. *See, Driscoll v. City of Los Angeles,* 67 Cal.2d 297, 61 Cal.Rptr. 661, 431 P.2d 245 (1967). However, this theory has been carefully circumscribed to situations where the affected individual is deprived of a *fundamental* or *basic* right, and has no application where the right affected is less than fundamental. In connection with pension benefits, unless the individual stands to lose *all* future benefits, estoppel in this context has no application. *See Driscoll,* 67 Cal.2d at 305–311, 61 Cal.Rptr. at 666–670, 431 P.2d at 250–254; *Adler v. City of Pasadena,* 57 Cal.2d 609, 21 Cal.Rptr. 579, 371 P.2d 315 (1962). Appellant does not contend that his *basic* right to pension benefits is at stake, but asserts throughout his brief his right to "increased retirement benefits" or "extra benefits." It is not disputed that appellant is currently receiving a monthly retirement pension from the County.

**16.** See discussion, *supra* at page 5 for further comments on this issue.

order to serve the purposes for which they were designed. The doctrine of substantial compliance is an equitable doctrine designed to avoid hardship in cases where the party does all that can reasonably be expected of him. However, in the context of statutory prerequisites, the doctrine can be applied only where invocation thereof would not defeat the policies of the underlying statutory provisions. *Brown v. Solano County Business Development,* 92 Cal. App.3d 192, 196, 154 Cal.Rptr. 700, 702 (1979) (court holds that doctrine inapplicable in situation where the purpose of the requirements would be defeated). The purposes of the written election requirement are unsatisfied where the applicant fails to file the required notice.

 In addition, the doctrine of substantial compliance can have no application in the context of a clear statutory prerequisite that is known to the party seeking to apply the doctrine. Appellant does not contend that he was unfamiliar with the writing requirement or that on the basis of statements made by clerical or other Board personnel, he believed he could take no other action to gain credit. He researched the law himself and conducted an extensive review of Board policy and procedures regarding retirement claims which indicated written application was necessary. Furthermore, no actions taken by the County prevented or in any way hindered appellant's ability to submit the written claim.[17] In fact, the Board immediately accepted appellant's written application when it was finally filed. Appellant admits that concern over his interpersonal relationships actually motivated his decision to not file a written demand.

Finally, appellant seeks to be excused from the strict terms of the statutory provisions by the doctrine of waiver. He contends that the County effectively waived the written notice requirement by establishing and maintaining an office and staff that conducts preliminary investigation of eligibility on the basis of oral inquiries.

 Under California law, a party is deemed to waive a right or privilege only by a clear expression that is made with full knowledge of the facts and an intent to waive, or by conduct that will warrant an inference of the relinquishment of such a right. *See, e.g., White Point Co. v. Herrington,* 268 Cal.App.2d 458, 468–469, 73 Cal.Rptr. 885, 891 (1968). The mere existence of a staff office which assists retirement system members and prepares applications for them cannot be considered a waiver by the Board of the written notice provisions in § 31641.1. Appellant had every opportunity to contest the staff's interpretation of § 31641.4. The handling of administrative and ministerial functions by the staff did not excuse appellant from raising the matter prior to retirement by way of written letter to the Board. A written claim was precisely what the Board needed to be aware of appellant's position and fully investigate his claim.

### III

 We conclude, as we concluded in *Cantwell,* that the written notice requirement must be satisfied in order to obtain retirement credit for prior military service. The undisputed facts of this case do not support the application of estoppel, waiver, futility or substantial compliance; thus, appellant's failure to timely file his election to purchase additional benefits results in the loss of these benefits. Accordingly, the judgment below is

*Affirmed.*

---

17. In *Adler v. City of Pasadena,* 57 Cal.2d at 615, 21 Cal.Rptr. 579, 371 P.2d 315, under similar circumstances, the court noted that plaintiffs were in no way prevented from seeking "independent advice or counsel, or from bringing earlier court action to establish their rights."