George and Sachiko TAMURA, Plaintiffs-Appellees,

v.

UNITED STATES of America, Defendant-Appellant.

Ben TAMURA, Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellant.

Ken TAMURA, Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellant.

Nos. 83–3849, 83–4192.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 1984.

Decided June 5, 1984.

Richard Eismann, Homedale, Idaho, for plaintiffs-appellees.

Robert S. Horwitz, Dept. of Justice, Washington, D.C., for defendant-appellant.

Before KILKENNY, KENNEDY and FERGUSON, Circuit Judges.

KILKENNY, Circuit Judge:

The government appeals from the district court's order granting appellee taxpayers' summary judgment motion on the ground that appellees' expenditures on an onion storage shed qualified for an investment tax credit under Internal Revenue Code section 48. We reverse.

Taxpayers are onion farmers who built a 100 × 100 foot concrete-floored steel storage shed in 1973 and 1974. Onions are stored there during the six month period between harvest and sale. The shed has both standard and garage-sized doors, urethane-coated walls and ceilings, and a ventilation system. Forty percent of the shed's cost is attributable to the floor, insulation, and ventilation system. When not used for storing onions, the shed houses empty onion crates and various farm equipment.

Appellees claimed an investment tax credit with respect to the shed on their 1973 and 1974 income tax returns. The Commissioner of Internal Revenue determined that the shed was a "building" under I.R.C. § 48 and thus did not qualify as property eligible for an investment credit. Appellees paid the assessed deficiency and sued for a refund. The district court consolidated the suits, and in granting appellees' motion for summary judgment held that the shed was *not* a "building" under I.R.C. § 48. The court also awarded attorney's fees pursuant to 28 U.S.C. § 2412.

### ISSUES

1. Did the district court err in holding that appellees' investment in the onion shed qualified for an investment tax credit under I.R.C. § 48?

2. Did the district court err in awarding appellees attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412?

### DISCUSSION

*Characterization of investment tax credit property.*

■ This court reviews a grant of summary judgment by determining whether there exist any genuine issues of materi-

al fact and whether the prevailing party was entitled to judgment as a matter of law. *Sawyer v. County of Sonoma*, 719 F.2d 1001, 1003 n. 2 (CA9 1983). The evidence must be viewed in the light most favorable to the party against whom summary judgment was granted. *Id.* No dispute exists as to the material facts, therefore we review the district court's holding as a matter of law.

A taxpayer may take a tax credit for qualified investments in I.R.C. § 38 property. As of 1973–74, "Section 38 property" was defined in part as follows:

(A) tangible personal property, or

(B) other tangible property (*not including a building and its structural components*) but only if such property—

(i) is used as an integral part of manufacturing, production, or extraction or of furnishing transportation, communications, electrical energy, gas, water, or sewage disposal services, or

. . . .

I.R.C. § 48(a)(1)(A), (B) (1975). (emphasis added).

■ The treasury regulations accompanying this Code section were enacted pursuant to specific statutory authorization, are consistent with that authorization, are reasonable, and therefore have the force of law. *See Dillon Ranch Supply v. United States*, 652 F.2d 873, 880 (CA9 1981). The regulations define a "building" generally as:

any structure or edifice enclosing a space within its walls, and usually covered by a roof, the purpose of which is, for example, to provide shelter or housing, or to provide working, office, parking, display, or sales space. The term includes, for example, structures such as apartment houses, factory and office buildings, warehouses, barns, garages, . . . .

Treas.Reg. § 1.48–1(e)(1). This language embodies the "functional" test, whereby courts have distinguished between general purpose buildings, which Congress intended to exclude from the investment tax credit, and specialized structures, whose utility is primarily and principally a significantly contributive factor in manufacturing or producing the product. *Thirup v. C.I.R.*, 508 F.2d 915, 919 (CA9 1974).

The term "building" does not include structures that house property used as an integral part of a section 48(a)(1)(B)(i) activity if use of the structure is so closely related to use of the housed property that the structure clearly can be expected to be replaced when the property is replaced. Treas.Reg. § 1.48–1(e)(1). Factors to be examined in this regard are (1) whether the structure is specially designed to accomodate the demands of the property and (2) whether the structure could be economically used for another purpose. *Id.*

■ The district court held that the shed was a "specialized building" constructed for the specific purpose of storing onions, and that no evidence showed that taxpayers could use the shed economically for other purposes. This holding was erroneous.

Appellees had a pre-fabricated structure built for them. Although designed to accommodate onion storage, the shed could easily have been converted to other uses. One appellee admitted as much in his deposition. Furthermore, the presence of a concrete floor, a ventilation system, and insulation would not require replacement of the shed were it to be used other than for onion storage. *See Consol. Freightways, Inc. v. C.I.R.*, 708 F.2d 1385, 1389 (CA9 1983) (loading dock held to be a "building"); Treas.Reg. § 1.48–1(e)(2) (air conditioning system included as a part of a building's "structural components"); *cf. Thirup*, 508 F.2d 915 (greenhouse not a "building" because not economically adaptable to any other purpose).

■ It is evident that the definition of a "building" includes appellees' onion shed. By way of example, the shed functions more like a barn, warehouse, or garage ("building[s]") than it does as a storage tank, silo, or coke oven (not "building[s]"). *See* Treas.Reg. § 1.48–1(e)(1). No matter how you look at it, inside out, upside down, from the east or west, north or south, the structure, even in common parlance, is a

building. This is true even were we to discard the regulation defining "building." The "reasonably adaptable" test does not mean that even specialized structures cannot be classified as buildings. *Consol. Freightways, Inc. v. C.I.R.*, 708 F.2d at 1389. Accordingly, we conclude that the district court erred as a matter of law in holding that the shed was not a "building" under I.R.C. § 48.

### Attorney's fees under EAJA

A district court is authorized to award reasonable attorney's fees to a prevailing party in a suit against the United States unless the government's position is substantially justified, 28 U.S.C. § 2412(d)(1)(A). Based on the foregoing, however, appellees are not entitled to attorney's fees because they are no longer the prevailing party.

### CONCLUSION

The decision of the district court is reversed and remanded for proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.