Garbis S. **BEZDJIAN** and Maida M. Bezdjian, Petitioners–Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE**, Respondent–Appellee.

No. 87–7304.

United States Court of Appeals, Ninth Circuit.

Submitted April 14, 1988 *.

Decided April 26, 1988.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

**218**

Donald Del Grande, Law Offices of Donald Del Grande, Millbrae, Cal., and J.W. Knapp, Law Offices of John W. Knapp, San Mateo, Cal., for petitioners-appellants.

Kenneth W. Rosenberg, Dept. of Justice, Tax Div., Washington, D.C., for respondent-appellee.

Before CHOY, SNEED and HUG, Circuit Judges.

HUG, Circuit Judge:

The Bezdjians appeal the Tax Court's judgment that they are liable for a tax deficiency of $37,594 for 1978. The sole issue in this case is whether a series of transactions entered into by the Bezdjians to effectuate the acquisition of a parcel of real property and the conveyance of another qualifies for nonrecognition treatment pursuant to section 1031 of the Internal Revenue Code (1978) (hereinafter "section 1031"). We hold that the transactions do not constitute a like-kind exchange under section 1031, and we affirm the Tax Court's decision.

In 1978, the Bezdjians received from Shell Oil Company ("Shell") an offer to sell a gas station (the "Broadway parcel") that the Bezdjians operated under a lease. Shell refused to accept a rental property (the "El Camino property") owned by the Bezdjians in exchange and, instead, insisted on a cash transaction. The Bezdjians consented and bought the Broadway parcel from Shell with the proceeds of a loan that was secured by a deed of trust on their residence and the El Camino property. About three weeks after the Broadway parcel was conveyed to the Bezdjians, they sold the El Camino property to the Leveys, who assumed a mortgage and paid the remainder of the price in cash.

The Bezdjians treated these transactions as a like-kind exchange governed by section 1031 on their 1978 tax return. Upon audit, the Commissioner of Internal Revenue recharacterized the sale of the El Camino property as a taxable transaction and recalculated the Bezdjians' tax liability to reflect their taxable gain. The Commissioner notified the Bezdjians of the resulting tax deficiency and they filed a petition in Tax Court contesting it. The Tax Court found that there was no like-kind exchange and determined that the Bezdjians were liable for the deficiency. The Bezdjians appeal that judgment.

Section 1031(a) is an exception to the rule requiring recognition of gain or loss upon the sale or exchange of property. *See* I.R. C. § 1001(c) (1978). Section 1031(a) states in pertinent part the following:

> No gain or loss shall be recognized if property held for productive use in trade or business or for investment ... is exchanged solely for property of a like kind to be held either for productive use in trade or business or for investment.

In their brief, the Bezdjians admit that section 1031 requires an exchange. However, they fail to understand that the parties must make an exchange of property or an interest in property for other property of a like kind in order for it to qualify for nonrecognition. Here, the Bezdjians acquired a parcel of real property from Shell and sold another to the Leveys. There is no evidence that either Shell or the Leveys made an exchange with the Bezdjians of anything but cash for real property. The fact that the Bezdjians intended the Broadway parcel to replace the El Camino property in their holdings does not render their transactions an exchange.

The Bezdjians contend that their transactions comprise a "three corner exchange" that qualifies for nonrecognition, as described by the Fifth Circuit in *Biggs v. CIR*, 632 F.2d 1171 (5th Cir.1980). However, *Biggs* is inapposite. In that case, Biggs agreed with Powell to convey real property to Powell in a like-kind exchange. *Id.* at 1178. Biggs arranged a complex series of

transactions in which Powell acquired an interest in property that Biggs wanted to own. *Id.* at 1173–74, 1178. Because Powell exchanged this newly acquired interest for Biggs's property, the transaction qualified for nonrecognition under section 1031. *Id.* at 1178. In the final analysis, there was an exchange between the two parties of a property for an interest in property of a like kind. *Id.*

In contrast, no such exchange of property of a like kind occurred between the Bezdjians and either Shell or the Leveys. While the Bezdjians may have wanted to structure such an exchange, there is no evidence that Shell or the Leveys agreed to participate in one. Moreover, the record indicates that the Bezdjians neither conveyed real property to Shell in exchange for the Broadway property nor received real property from the Leveys in exchange for the El Camino property. We conclude that there was no exchange of property of a like kind.

In the absence of such an exchange, we need not address the Bezdjians' other arguments. The judgment is affirmed.

AFFIRMED.