Pursuant to the memorandum filed on this date herein,

IT IS HEREBY ORDERED that defendants' motion to dismiss the Secretary of Defense as a party defendant herein shall be and it is granted.

IT IS FURTHER ORDERED that defendants' motion to dismiss Counts II and III of plaintiff's complaint shall be and it is granted.

**Elizabeth HOLLAND, Plaintiff,**

v.

**NORWEGIAN CRUISE LINES, Kloster Cruise, Ltd., et al., Defendants.**

### No. C 90–2025 TEH ARB.

United States District Court, N.D. California.

Oct. 26, 1990.

Philip R. Weltin, Weltin Van Dam & Flores, San Francisco, Cal., for plaintiff.

Frederick W. Wentker, Jr., Lillick & Charles, San Francisco, Cal., for defendants.

## ORDER

THELTON E. HENDERSON, Chief Judge.

The plaintiff was injured while a passenger on the defendant's ship. The defendant moves for summary judgment on the ground that the contractual period for filing a lawsuit had expired before the plaintiff filed suit. The plaintiff claims that equitable estoppel deprives the defendant of this defense and created an extension of time in which to file.

For the reasons discussed below, this Court finds that the plaintiff is time barred from prosecuting this suit and that the defendant is not estopped from this defense. Consequently, the defendant's motion for summary judgment is granted.

## I.  BACKGROUND

In September 1988, Kloster Cruise, doing business as Norwegian Cruise Line, sold Elizabeth Holland a ticket for a cruise to take place from September 3 to September 10. The ticket contract set out the terms and conditions of Holland's passage, including a requirement that suits for personal injuries to passengers be brought within one year from the day the injury occurred.

Upon boarding the ship, Holland kept the passenger copy of her ticket. On 6 September 1988, Holland suffered injury from the allegedly negligent conduct of a cruise director.

After returning from the cruise, Holland complained in writing to the customer relations department of Norwegian Cruise Line. In November 1988, the department told Holland that her letter had been forwarded to Norwegian's claims adjuster, Caribbean Marine Associates. In December 1988, Caribbean agreed to investigate the matter, and the usual communications followed. In February 1989, Caribbean of-

fered Holland $1,000. Holland rejected this offer.

Thereafter, Holland brought to an attorney the passenger copy of her ticket, which has disappeared. Holland hired another attorney and filed suit in this court on 19 January 1990, sixteen months after her injury, praying for general damages, medical expenses, and loss of earnings.

## II. DISCUSSION

Summary judgment is appropriate where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A dispute as to material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1976).

*A. Whether the Contractual Limitation of the Period for Filing a Lawsuit Is Valid*

■ 46 U.S.C.App. § 763a provides a three-year statute of limitations for filing a maritime tort. 46 U.S.C.App. § 183b(a) allows sea carriers to place in their carriage contracts a one-year limit on passenger suits for personal injuries. Courts incorporate such a limitation into a passenger ticket contract only if the sea carrier reasonably communicated to its passengers that the contractual term affects their legal rights. *See, e.g., Spataro v. Kloster Cruise, Ltd.,* 894 F.2d 44, 45–46 (2d Cir. 1990). Whether the notice to passengers was reasonably adequate is a question of law. *Nash v. Kloster Cruise A/S,* 901 F.2d 1565, 1567 (11th Cir.1990).

■ The proper test of reasonably adequate notice depends on an analysis of the overall circumstances of each case. *Shankles v. Costa Armatori, S.P.A.,* 722 F.2d 861, 866 (1st Cir.1983). The parties in this case agree that two elements are relevant. The first element is the physical characteristics of the ticket contract: the language and placement of the limiting provision. *See, e.g., Nash, supra,* 901 F.2d at 1567; *Shankles, supra,* 722 F.2d at 864. The second element is the circumstances sur-

rounding the passenger's purchase and subsequent retention of the ticket contract, that is, any factors indicating the passenger's ability to become meaningfully informed of the contractual terms at stake. *Shankles, supra,* 722 F.2d at 865–66.

■ Holland does not dispute whether Kloster has satisfied the first element: the ticket prominently advised passengers to read certain provisions, including the time limitation on lawsuits. Holland does dispute whether Kloster has satisfied the second element. She argues that because she surrendered her copy of the ticket to her attorney in the spring of 1989, she did not have subsequent possession of it and therefore did not have the ability to become meaningfully informed of the time limitation. This argument ignores the undisputed fact that Holland had the ticket in her possession after boarding the ship and for at least six months after the end of the cruise. She had plenty of time to read the ticket and inform herself of its contents.

There is no genuine dispute of material fact whether the contractual limitation of the period for filing a lawsuit is valid.

*B. Whether Kloster Is Estopped From Relying on the Contractual Limitation*

■ Holland argues that Kloster may nevertheless not rely on this contractual limitation because Caribbean, Kloster's agent, led her to believe that it was negotiating in good faith to settle her complaint fairly and in reliance on this inducement she refrained from filing a lawsuit against Kloster.

■ Three elements are required before the tolling of a statute of limitations may be estopped:

(1) the party to be estopped must be apprised of the facts;

(2) the other party must be ignorant of the true state of facts, and the party to be estopped must have acted so that the other party had a right to believe that the party intended its conduct to be acted upon; and

(3) the other party must have relied on the conduct to its prejudice.

*Golden v. Faust,* 766 F.2d 1339, 1341 (9th Cir.1985).

This test underlines the essential component of any estoppel claim: deception. *See, e.g., Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1323–24 (11th Cir.1989) (the late-arriving plaintiff must show that she was misled by the defendant or its agents because of affirmative statements that the period to bring the action was longer than it actually was, promises to make a better settlement of the claim if the plaintiff did not bring suit, or comparable representations and conduct).

In her complaint, Holland stated that she attempted to negotiate a settlement of the matter with Caribbean and that these negotiations continued until Caribbean discontinued them in February 1989. Now arguing that she pleaded the elements of estoppel, Holland asserts that this conduct by Caribbean served to confuse and delay the presentation of her claim and that Caribbean conducted bad-faith negotiations that dragged on for six months and were intended to induce her reliance and lull her into a feeling of trust and security in the hopes that she would delay filing a lawsuit.

Holland's attempt to characterize Caribbean's conduct as a genuine dispute of material fact is groundless. Holland's complaint states only that Caribbean agreed to investigate and negotiate a settlement to Holland's complaint. Holland relied on this promise, and Caribbean carried it out. No statements, promises, or representations are alleged that would have misled Holland as to the length of time she had to bring a suit or as to the likelihood that a better settlement would occur without a suit. Holland asserts no reason for believing that Caribbean would provide a result that was more satisfactory than a lawsuit, or a result that was satisfactory at all.

Generally, the existence of estoppel is a question for the trier of fact, *Sawyer v. County of Sonoma,* 719 F.2d 1001, 1006 n. 12 (9th Cir.1983); and Holland argues that her current interpretation of her complaint provides a sufficient dispute. But this interpretation does not accord with the facts

Holland has alleged; and the question of estoppel becomes one of law where the facts are not disputed and only one inference can be drawn from the evidence, *id.*

Since no estoppel occurred, there is no reason to discuss whether Caribbean's conduct created an equitable extension of time in which Holland could file her lawsuit.

There is no genuine dispute of material fact whether Kloster is estopped from relying on the contractual limitation of the period for filing a lawsuit.