James DIRKS, Petitioner—Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent—
Appellee.

No. 04–75347.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 16, 2005.

Before: WALLACE, LEAVY, and
BERZON, Circuit Judges.

MEMORANDUM **

James Dirks appeals pro se the tax court's judgment after trial sustaining the statutory notice of deficiency issued against him by the Commissioner of Internal Revenue for his failure to pay taxes on an IRA distribution. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review the tax court's legal conclusions de novo, and its factual findings for clear error, *Boyd Gaming Corp. v. Commissioner*, 177 F.3d 1096, 1098 (9th Cir.1999), and we affirm.

It is undisputed that Dirks failed to reinvest his IRA funds within the 60 day period imposed by 26 U.S.C. § 408(d)(3)(A)(i). The tax court correctly concluded that Dirks, an attorney, could not rely on the doctrine of substantial per-

formance because he knew of the express statutory deadline. *See Sawyer v. County of Sonoma*, 719 F.2d 1001, 1008 (9th Cir. 1983) (substantial compliance unavailable where statutory requirement is clear and known to party invoking the doctrine).

The tax court did not abuse its discretion by excluding evidence that Dirks tried to introduce in violation of a pre-trial order. *See Breneman v. Kennecott Corp.*, 799 F.2d 470, 473 (9th Cir.1986). Nor are we persuaded by Dirks' argument that new evidence recovered from his own files justified his untimely motions to vacate and reconsider. *See Frederick S. Wyle Professional Corp. v. Texaco Inc.*, 764 F.2d 604, 609 (9th Cir.1985) (reconsideration not available unless evidence could not have been discovered with reasonable diligence).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.