T.C. Summary Opinion 2011-14

UNITED STATES TAX COURT

RALPH E. CRANDALL, JR., AND DENE D. DULIN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29479-08S.                    Filed February 15, 2011.

Ralph E. Crandall, Jr., and Dene D. Dulin, pro sese.

Timothy Berry, for respondent.

PANUTHOS, Chief Special Trial Judge:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect when the petition was filed.[1]  Pursuant to
section 7463(b), the decision to be entered is not reviewable by

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year at issue.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $14,475 in petitioners' 2005 Federal income tax and an accuracy-related penalty of $2,895. After concessions,[2] the sole issue for decision is whether petitioners are entitled to nonrecognition of gain under section 1031 for a 2005 real estate transaction.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in California at the time the petition was filed.

Petitioners owned an undeveloped parcel of property in Lake Havasu City, Arizona (Arizona property). Petitioners held the Arizona property for investment. Petitioners desired to own investment property closer to their California residence. After receiving some limited advice concerning a tax-free exchange of properties, petitioners took steps to sell the Arizona property and purchase new property with the intention of executing a tax-free exchange. On March 4, 2005, petitioners sold the Arizona property for $76,000. The buyers of the property paid petitioners $10,000, and the remaining $66,000 was placed in an

_____

[2]Respondent conceded the accuracy-related penalty. Petitioners conceded respondent's disallowance of deductions on their Schedule A, Itemized Deductions.

escrow account with Capital Title Agency, Inc. (Capital Title).

At petitioners' direction $61,743.25 was held in the escrow

account. Capital Title initially released $4,256.75 to

petitioners. Petitioners' basis in the Arizona property was

$8,500.

In furtherance of the purchase petitioners made payments[3] to

Chicago Title Co. (Chicago Title) and placed in an escrow account

as follows:

| Date | Amount |
|------|--------|
| Jan. 4, 2005 | $10,000.00 |
| Mar. 14, 2005 (three separate payments) | 24,700.00 |
| | 4,256.75 |
| | 294.00 |
| Mar. 18, 2005 | [1]61,550.00 |
| | 100,800.75 |

[1]This payment was transferred from the Capital Title escrow
account to the Chicago Title escrow account as petitioners
directed.

The Capital Title and Chicago Title escrow agreements did not

reference a like-kind exchange under section 1031, nor did they

expressly limit petitioners' right to receive, pledge, borrow, or

otherwise obtain the benefits of the funds.

### Discussion

In general, the Commissioner's determination set forth in a

notice of deficiency is presumed correct, and the taxpayer bears

---

[3]The payments are labeled "Deposits" in the escrow
agreement.

the burden of showing that the determination is in error.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioners did not allege that section 7491(a) applies.  See sec. 7491(a)(2)(A) and (B).  Therefore, petitioners bear the burden of proof.  See Rule 142(a).

The general rule regarding recognition of gain or loss on the sale or exchange of property is that the entire amount of the gain or loss is recognized.  Sec. 1001(c).  An exception to the general rule is found in section 1031.

Section 1031 provides that no gain or loss is recognized when business or investment property is exchanged solely for other business or investment property of like kind.  The regulations define "like kind" as a reference to the nature or character of the property and not the property's grade or quality.  Sec. 1.1031(a)-1(b), Income Tax Regs.  In order to take advantage of the nonrecognition provisions of section 1031 through a deferred exchange, a taxpayer must satisfy a number of technical requirements.[1]  Sec. 1031(a)(3); sec. 1.1031(k)-1, Income Tax Regs.

---

[1]The timing requirements of sec. 1031(a)(3) are not at issue.

A deferred exchange is defined as "an exchange in which, pursuant to an agreement, the taxpayer transfers property held for * * * investment * * * and subsequently receives property to be held * * * for investment". Sec. 1.1031(k)-1(a), Income Tax Regs. To qualify as a deferred exchange the transaction must be an exchange of property, not a transfer of property for money. Id. The reinvestment of the proceeds from a cash sale of one property into a second property of like kind will not qualify as a section 1031 exchange. Greene v. Commissioner, T.C. Memo. 1991-403 (citing Carlton v. United States, 385 F.2d 238, 242 (5th Cir. 1967), Coastal Terminals, Inc. v. United States, 320 F.2d 333, 337 (4th Cir. 1963), and Estate of Bowers v. Commissioner, 94 T.C. 582, 589 (1990)); Lee v. Commissioner, T.C. Memo. 1986-294; Gibson v. Commissioner, T.C. Memo. 1982-342; sec. 1.1031(k)-1(a), Income Tax Regs. Gain or loss may be recognized if the taxpayer actually or constructively receives money that does not meet the qualifications of section 1031(a) before the taxpayer actually receives like-kind property. Sec. 1.1031(k)-1(a), Income Tax Regs.

"The taxpayer is in constructive receipt of money or property at the time the money or property is credited to the taxpayer's account, set apart for the taxpayer, or otherwise made available so that the taxpayer may draw upon it at any time". Sec. 1.1031(k)-1(f)(2), Income Tax Regs. If the taxpayer's

control of receipt of the money or property is subject to substantial limitations or restrictions, then there is no constructive receipt. Id. To avoid being in constructive receipt of money or property, a taxpayer may use a qualified escrow account. Section 1.1031(k)-1(g)(3), Income Tax Regs., defines a qualified escrow account as the following:

> (ii) A qualified escrow account is an escrow account wherein--
>
> (A) The escrow holder is not the taxpayer or a disqualified person * * *, and
>
> (B) The escrow agreement expressly limits the taxpayer's right to receive, pledge, borrow, or otherwise obtain the benefits of the cash or cash equivalent held in the escrow account * * *.

The taxpayer's own limitation of use of the funds does not convert the escrow account into a qualified escrow account. Klein v. Commissioner, T.C. Memo. 1993-491.

The Arizona property and the California property are like-kind properties. At issue is whether there was an exchange within the meaning of the statute and the regulations.

We have no doubt that petitioners intended the transaction to qualify under the provisions of section 1031. However, it is well established that a taxpayer's intention to take advantage of tax laws does not determine the tax consequences of his transactions. Bezdjian v. Commissioner, 845 F.2d 217 (9th Cir. 1988), affg. T.C. Memo. 1987-140; Carlton v. United States, supra at 243 (citing Commissioner v. Duberstein, 363 U.S. 278, 286

(1960)). To support their argument, petitioners testified that the funds in the Capital Title escrow account were held solely for the purchase of the California property and that they received no proceeds from the sale of the Arizona property.

Respondent argues that petitioners' transactions were a sale and reinvestment of the proceeds because the Capital Title escrow agreement did not expressly restrict petitioners' access to and use of the funds held in the escrow account. Respondent asserts that petitioners were in constructive receipt of the proceeds from the sale of the Arizona property and that the gain on the sale must be recognized in 2005.

The underlying purpose of section 1031 is to permit a taxpayer to defer gain with respect to "an ongoing investment, rather than ridding himself of one investment to obtain another." Teruya Bros., Ltd. v. Commissioner, 580 F.3d 1038, 1042 (9th Cir. 2009) (citing Starker v. United States, 602 F.2d 1341, 1352 (9th Cir. 1979) ("The legislative history [of sec. 1031] reveals that the provision was designed to avoid the imposition of a tax on those who do not 'cash in' on their investments in trade or business property.")), affg. 124 T.C. 45 (2005).

Neither escrow agreement expressly limited petitioners' right to receive, pledge, borrow, or otherwise obtain the benefit of the funds nor made any mention of a like-kind exchange. Because of the lack of limitations, neither escrow account was a

qualified escrow account.  See <u>Hillyer v. Commissioner</u>, T.C. Memo. 1996-214; <u>Lee v. Commissioner</u>, <u>supra</u>.  Although petitioners used the funds in the Capital Title escrow account to purchase the California property, the lack of express limitations in the escrow agreement results in petitioners' being treated as having constructively received the proceeds.

We conclude that the disposition of the Arizona property was a sale and the funds deposited in the Capital Title escrow account represent the receipt of the proceeds.  See sec. 1001(c). Consequently, this transaction does not qualify for section 1031 nonrecognition, and petitioners must recognize gain for 2005. See sec. 1001(c).  The Court notes that the tax consequences are not what petitioners intended and the result may seem somewhat harsh. However, Congress enacted strict provisions under section 1031 with which taxpayers must comply.  We also note that respondent has conceded the accuracy-related penalty.

We have considered the parties' arguments and, to the extent not discussed herein, we conclude the arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>
<u>for respondent as to the</u>
<u>deficiency in income tax and</u>
<u>for petitioners as to the</u>
<u>accuracy-related penalty</u>.