T.C. Summary Opinion 2012-74

UNITED STATES TAX COURT

CHARLES GRANT BEECH AND ELIZABETH A. BEECH, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1948-11S.                    Filed July 26, 2012.

Charles Grant Beech and Elizabeth A. Beech, pro sese.

L. Katrine Shelton, for respondent.

SUMMARY OPINION

DEAN, Special Trial Judge:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was filed.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any

other court, and this opinion shall not be treated as precedent for any other case.

Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued a notice of deficiency (notice) to petitioners in which he determined a deficiency of $9,212 for 2008 as well as a section 6662(a) accuracy-related penalty of $1,842. After concessions,[1] the issue for decision is whether petitioners received taxable income when Elizabeth Beech (petitioner) received a death benefit distribution of $35,358 from her mother's individual retirement account (IRA).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioners resided in California when they filed their petition.

Petitioner's mother died on March 22, 2008. Petitioner was the beneficiary of her mother's traditional IRA that was managed by Citi Smith Barney (Citi). Citi made two death benefit distributions to petitioner--one on May 21, 2008, for

---

[1]Petitioners did not address the unreported interest income of $1,121 determined in the notice of deficiency; therefore, this issue is deemed conceded. See Rule 34(b)(4). Respondent concedes the sec. 6662(a) accuracy-related penalty.

$2,828 and one on May 23, 2008, for $35,358.  The distribution check for $35,358 was made out to petitioner.

Petitioner established an inherited traditional IRA with American Funds and deposited the death benefit distribution of $35,358 into the inherited traditional IRA in June 2008.

Petitioners reported an IRA distribution of $38,194 on line 15a, IRA distributions, on their 2008 Form 1040, U.S. Individual Income Tax Return.[2]  They reported $2,828 as the taxable amount of the distribution on line 15b of their return.

Respondent issued petitioners the notice in which he determined that all of the retirement income petitioners reported on their 2008 return was taxable income.

---

[2]The Citi death benefit distributions totaled $38,186.  There is no explanation in the record for the additional IRA distribution of $8 petitioners reported on their return.

## Discussion[3]

Section 61(a) requires taxpayers to include in gross income all income from whatever source derived. Exclusions from income are to be narrowly construed. Commissioner v. Schleier, 515 U.S. 323, 328 (1995).

Amounts paid or distributed out of an IRA are generally includible in gross income by the payee or distributee. Sec. 408(d)(1). Section 408(d)(3) provides, however, that a distribution is not includible in gross income if the entire amount of the distribution received by an individual is paid into a qualified IRA for the benefit of that individual within 60 days of the distribution. This recontribution is known as a "rollover contribution". Id.

Rollover treatment is not available in the case of an inherited IRA. Sec. 408(d)(3)(C). An IRA is treated as inherited for purposes of section 408(d)(3)(C) if the individual for whose benefit the account or annuity is maintained acquired that account by reason of the death of another individual who was not his or her spouse. Sec. 408(d)(3)(C)(ii).

A taxpayer is not treated as having received a taxable distribution from an IRA, however, if funds in the IRA are transferred from one account trustee directly

---

[3]The issue before the Court is a legal issue; therefore, secs. 7491(a) and 6201(d) are not applicable.

to another account trustee without the IRA owner's or beneficiary's ever gaining control or use of the funds.  See Jankelovits v. Commissioner, T.C. Memo. 2008-285 (citing Rev. Rul. 78-406, 1978-2 C.B. 157, Crow v. Commissioner, T.C. Memo. 2002-178, and Martin v. Commissioner, T.C. Memo. 1992-331, aff'd without published opinion, 987 F.2d 770 (5th Cir. 1993)).

The funds in issue were paid from petitioner's mother's IRA to petitioner because she was the named beneficiary.  Citi issued petitioner a check, and she deposited the funds into an IRA account managed by American Funds.  The funds were from an inherited IRA, leaving a trustee-to-trustee transfer as the only basis upon which a nontaxable transfer of the funds could be effected.  See Jankelovits v. Commissioner, T.C. Memo. 2008-285.

Although petitioners argue that their intent was to effect a trustee-to-trustee transfer, it is well established that a taxpayer's intention to take advantage of tax laws does not determine the tax consequences of his or her transactions.  Bezdjian v. Commissioner, 845 F.2d 217 (9th Cir. 1988), aff'g T.C. Memo. 1987-140; Carlton v. United States, 385 F.2d 238, 243 (5th Cir. 1967) (citing Commissioner v. Duberstein, 363 U.S. 278, 286 (1960)).  What actually was done determines the tax treatment of a transaction.  Weiss v. Stearn, 265 U.S. 242, 254 (1924).

Petitioners also argue that they substantially complied with the requirements of section 408(d)(3)(A)(i) and that Wood v. Commissioner, 93 T.C. 114 (1989), supports their argument.

In Wood the taxpayer retired and received a lump-sum distribution of cash and stocks from his employer's profit-sharing plan. He established an IRA with Merrill Lynch and instructed the account executive to transfer the entire distribution into the IRA to effect a nontaxable transfer of the funds.

The account executive assured the taxpayer that the transfer would be made within the applicable 60-day period. The cash and stock were transferred into the IRA within the 60-day rollover period, but because of a bookkeeping error the stock transfer was erroneously indicated as not having occurred until after the rollover period had elapsed.

The Court found that the taxpayer substantially complied with the 60-day rollover period because: (1) he requested that the entire distribution be transferred to the IRA and (2) when bookkeeping "entries are at variance with the facts, the decision must rest on the facts." Wood v. Commissioner, 93 T.C. at 121 (citing Dean v. Commissioner, 57 T.C. 32, 44 (1971), Kaplan v. Commissioner, 21 T.C. 134, 140 (1953), Lanteen Med. Labs., Inc. v. Commissioner, 10 T.C. 279, 288 (1948), and Elkins v. Commissioner, 12 B.T.A. 1058 (1928)).

Petitioners' reliance on <u>Wood</u> is misplaced.  Generally, this Court applies the doctrine of substantial compliance "to excuse taxpayers from strict compliance with procedural regulatory requirements".  <u>Dirks v. Commissioner</u>, T.C. Memo. 2004-138 (citing <u>Estate of Chamberlain v. Commissioner</u>, T.C. Memo. 1999-181 (and cases cited therein), <u>aff'd</u>, 9 Fed. Appx. 713 (9th Cir. 2001)), <u>aff'd</u>, 154 Fed. Appx. 614 (9th Cir. 2005).  Although the Court of Appeals for the Ninth Circuit[4] has indicated that the doctrine may also be applied to "statutory prerequisites", it can only be applied "where invocation thereof would not defeat the policies of the underlying statutory provisions."  <u>Sawyer v. Cnty. of Sonoma</u>, 719 F.2d 1001, 1008 (9th Cir. 1983).  Petitioners do not ask to be excused from a statutory prerequisite but ask to be excused from an express statutory prohibition.

The Court cannot find that petitioners substantially complied with section 408(d)(3)(A)(i) because section 408(d)(3)(C) expressly denies rollover treatment to an inherited IRA.  "Many parts of the tax code are compromises, and all parts reflect the need for lines that can't be deduced from first principles. * * * The Code's lines are arbitrary. * * * Congress has concluded that <u>some</u> lines of this kind

---

[4]But for sec. 7463(b), an appeal of this case would lie with the Court of Appeals for the Ninth Circuit.  <u>See</u> sec. 7482(b)(1)(A).  Therefore, the Court follows the law of that circuit.  <u>See</u> <u>Golsen v. Commissioner</u>, 54 T.C. 742, 757 (1970), <u>aff'd</u>, 445 F.2d 985 (10th Cir. 1971).

are appropriate. The judiciary is not authorized to redraw the boundaries." <u>Kim v. Commissioner</u>, 679 F.3d 623, 625-626 (7th Cir. 2012), <u>aff'g</u> T.C. Dkt. No. 11902-10 (May 20, 2011) (bench opinion).

The death benefit of $35,358 that petitioner received was taxable income for 2008. Respondent's determination is sustained.

We have considered all of petitioners' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.