[Civ. No. 27448. Fourth Dist., Div. Two. Dec. 23, 1982.]

ASSOCIATION OF ORANGE COUNTY DEPUTY SHERIFFS,
Plaintiff and Appellant, v.
COUNTY OF ORANGE et al., Defendants and Respondents.

COUNSEL

Gregory G. Petersen for Plaintiff and Appellant.

Adrian Kuyper, County Counsel, and Donald H. Rubin, Deputy County Counsel, for Defendants and Respondents.

OPINION

**KAUFMAN, J.**—The Association of Orange County Deputy Sheriffs (Association) appeals from a judgment denying its petition for a writ of mandate to compel the County of Orange[1] to allow Association members the right to obtain credit in the county retirement system for federal military service before they were employed by the county.

Association contends on appeal as it did in the trial court that federal law requires Orange County to permit members of its retirement system to obtain

---

[1] The petition for writ of mandate named as respondents the County of Orange, the Board of Supervisors of the Orange County Retirement System and Robert L. Citron, the Orange County Tax Collector-Treasurer. For convenience those respondents will be referred to collectively in this opinion as Orange County or the County of Orange.

credit for prior military service.[2] After some procedural complexities not relevant to this appeal, the trial court determined that the allowance of credit for prior military service is not legally required.[3] We agree and therefore affirm the judgment.

In support of its contention that the County of Orange is required to allow credit in its retirement system for prior military service Association relies on 10 United States Code section 1336 which reads: "No period of service included wholly or partly in determining a person's right to, or the amount of, retired pay under this chapter may be excluded in determining his eligibility for any annuity, pension, or old-age benefit, under any other law, on account of civilian employment by the United States or otherwise, or in determining the amount payable under that law, if that service is otherwise properly credited under it."

What Association fails to appreciate is the significance of the last clause of section 1336: "if that service is otherwise properly credited under it." What the statute says is that no part of a period of service may be excluded if "that service is otherwise properly credited." The question is, therefore, whether prior military service is "otherwise properly credited" under the Orange County Employees Retirement System. The answer is that it is not.

Government Code sections 31641.1 and 31641.2 establish a procedure pursuant to which a county employee can purchase additional retirement credit based on prior public service. Section 31641.1 provides in relevant part: "A member who was in public service before becoming a member [of the retirement system] may elect by written notice filed with the board to make contributions pursuant to Section 31641.2 and to receive credit in the retirement system for all *allowed* public service time." (Italics added.) But Government Code section 31641.95 provides in pertinent part: "Sections . . . 31641.1 [and] 31641.2 . . . may only be applicable in any county or district on the first day of the month after the governing board of such county or district adopts by majority vote, a resolution providing that those sections shall become applicable in such county or district. *Such resolution may limit the applicability of such sections to any one or more of the public agencies* as defined by Section 31478." (Italics added.) And Government Code section 31478 expressly lists as one of the enumerated public agencies the United States of America. Thus, the

---

[2]As is common with most pension plans, an employee's right to receive benefits from the Orange County Employees Retirement System depends in part on the employee's length of service with the county. However, as hereafter more fully explained, members of the Orange County Retirement System also have the right to purchase additional retirement credit for some types of prior public service.

[3]Apparently the trial court also determined that Association lacked the requisite standing to maintain the mandate proceeding and that its petition was not verified as required by law (see Code Civ. Proc., § 1086). We do not reach these issues.

California statutes authorize a county to exclude from its retirement credit purchase program an employee's prior United States government service.

The County of Orange has done just that. On December 17, 1963, the Board of Supervisors of Orange County adopted resolution 63-1803 which, in pertinent part, made Government Code sections 31641.1 and 31641.2 applicable with respect to service for all public agencies defined in Government Code section 31478 "with the exception that service for the United States of America, or any department or agency thereof, shall not be service for which an employee may get credit . . . or make contribution . . . ." On January 18, 1966, the 1963 resolution was modified by the adoption of resolution 66-72, but resolution 66-72 also expressly provided, "except that service for the United States of America or any department or agency thereof shall not be service for which an employee may get credit . . . or make contributions . . . ."

Association's reliance on the decision in *Cantwell* v. *County of San Mateo* (9th Cir. 1980) 631 F.2d 631, is entirely misplaced. In *Cantwell* 10 United States Code section 1336 did require the allowance of credit for prior military service because that service was "otherwise properly credited" under the retirement system: the County of San Mateo permitted employees the right to obtain credit for prior military service generally but attempted to exclude military service for which the employee would receive a pension. The *Cantwell* court held that, having generally granted employees the right to obtain credit for prior military service, the exclusion of military service because it would result in a military pension to the employee was in violation of 10 United States Code section 1336.

By contrast, in the case at bench the County of Orange does not permit employees to obtain credit for prior military service or, for that matter, prior service for any agency of the United States government. The exclusion of credit for prior United States government service is permissible under 10 United States code section 1336 and Government Code section 31641.95.

The judgment is affirmed.

Morris, P. J. and McDaniel, J., concurred.