707 F.Supp. 1087 (1989)
Gerry H. DAILEY, Plaintiff,
v.
PUBLIC SCHOOL RETIREMENT SYSTEM OF MISSOURI, Defendant.
No. 87-2302C(6).
United States District Court, E.D. Missouri, E.D.
March 8, 1989.
Bartley, Goffstein, Bollato and Lange, William E. Moench, St. Louis, Mo., for plaintiff.
Jerry B. Buxton, Asst. Atty. Gen., Jefferson City, Mo., for defendant.

MEMORANDUM OPINION
GUNN, District Judge.
Plaintiff teaches in the Ferguson-Florissant School District in St. Louis County, Missouri. He has been so employed since 1958, interrupted only by two tours of active duty in the Missouri Air National Guard.
By this action he seeks to purchase retirement credit in the Public School Retirement System of Missouri (defendant) for a five-year period of active duty in the Missouri Air National Guard. The defendant raises § 169.055.3, R.S.Mo. as bulwark against plaintiff's access to matching contributions from the Retirement System.
Specifically, defendant argues that § 169.055 imposes three grounds of insuperable revetment to plaintiff's claim for pension benefits:
1. Pension benefits can be denied during any period in which plaintiff receives military service retirement credits. In other words, the statute disallows "double dipping."
2. There is a prohibition against voluntary reenlistment where the initial period *1088 of service has been completed. Defendant argues that the purpose is to allow credit only for a reasonable period of time and to prevent successive reenlistment periods as is the case sub judice.
3. Should any retirement credits be allowed, they should be calculated on the salary and fringe benefit amounts at the time plaintiff left employment to enter military service, rather than at the salary and benefits schedule which includes his time in military service.
Plaintiff contends that the Veteran's Reemployment Rights Act, 38 U.S.C. §§ 2021-2026, entitles him to all reemployment rights and benefits as a returning military service person and preempts the limiting features of § 169.055.3 as asserted by the defendant.
The Court agrees with plaintiff's contention and enters judgment for him.
The facts are not in dispute and follow with the Court's conclusions of law in accordance with Fed.R.Civ.P. 52.
Plaintiff taught in the Ferguson-Florissant School District from September 1958 to December 1, 1980 at which time he volunteered for active service in the Missouri Air National Guard. Pursuant to 32 U.S.C. § 502(f) he served on active duty for a period of 731 days to November 30, 1982. At this time, plaintiff requested and received further orders extending his active duty for 1096 days to November 30, 1985, when he was honorably discharged. The total active duty for which plaintiff was granted a leave of absence was five years.
Upon his discharge from the Air Guard, plaintiff resumed his teaching duties with the Ferguson-Florissant School District, commencing on July 1, 1985.
Plaintiff has requested the right to purchase credit in the Retirement System for his term of active military duty from December 1, 1980 through November 30, 1985. He argues that this period should be considered in determining his eligibility for retirement benefits.
Relying on § 169.055.3, R.S.Mo., defendant has denied plaintiff's request to purchase credit and for the matching contribution which he seeks.
Section 169.055.3, R.S.Mo. upon which the defendant relies to defeat plaintiff's claim states as follows:
3. A member [person holding membership in the retirement system] who enters the service of the armed forces of the United States of America, provided he is a teacher in a district included in the system at the time he is inducted, enlisted, or called to active duty, and who without voluntary reenlistment is reemployed as a teacher within one year after discharge from such service or within one year of said date plus time spent as a student in a standard college or university in further preparation for service as a public school employee, shall not be subject to the provisions of subsection 4 of section 196.050 with regard to termination of membership because of unemployment as a teacher due to his actual service in the armed forces of the United States and such subsequent period spent as a student. Such a member may elect within five years after his reemployment or before July 1, 1983, and prior to retirement, whichever is later, to purchase membership service credit, including any creditable service which he had applied to reinstate on or before September 1, 1980, but for which payment was not made within the prescribed time period, with a rate of compensation the same as the annual salary rate at which he was employed at the time of his induction for the period of service in the armed forces of the United States. The purchase shall be effected by the member's paying to the retirement system with interest the amount he would have contributed thereto had he been teaching during the period for which he is electing to purchase credit, and had his compensation during such period been the same as the annual salary at the time of this induction, and had the contribution rate as in effect at date of purchase been in effect at that time. The payment shall be made over a period of not longer than five years, measured from the date of election, and with interest on the unpaid balance; provided, *1089 that such member is not receiving and is not eligible to receive retirement credit or benefits from any other public school or military retirement system for the years for which membership service credit is being purchased, and a sworn affidavit to this effect has been submitted by such member; and provided that he was discharged or separated from the armed forces by other than a dishonorable discharge. In no event may a member receive any benefits for any period of membership service credit purchased which exceeds in length his period of membership service in this system.
The basic issue in this case is whether federal enactments have preempted the defendant's defense. The simple fact is that they have. It is evident that the state law which the defendant injects into this case "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," and must therefore fail. California Federal S & L Ass'n v. Guerra, 479 U.S. 272, 281, 107 S.Ct. 683, 689, 93 L.Ed.2d 613 (1987), citing Hines v. Davidowitz, 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941).
The defendant argues that § 169.055.3 may deny pension credit for those periods in which the plaintiff received military service retirement credit. But this cannot be. 10 U.S.C. § 1336 provides that retirement credits due a reservist under that law cannot be excluded in determining eligibility for civilian employment pension benefits under any other law. Cantwell v. County of San Mateo, 631 F.2d 631 (9th Cir.1980), and Arrington v. State of Florida, 117 LRRM 3105, 102 CCIT Labor cases 23541 (N.D.Fla.1985) hold that state enactments similar to § 169.055.3 conflict with 10 U.S.C. § 1336 and are therefore preempted by the federal enactment. Such is the situation here.
The defendant's second challenge to plaintiff's cause of action is that § 169.055.3 disallows pension benefits beyond the first period of enlistment based on a determination that the term of reenlistment was unreasonably long. But, again, § 169.055.3 runs afoul of federal enactment preempting the area of veterans' rights. The Veteran's Reemployment Rights Act, specifically, 38 U.S.C. §§ 2021 and 2024, imposes no § 169.055.3 limitation. The Missouri law would discriminate against veterans who extend their military service to their countrya circumstance which the Veteran's Reemployment Rights Act is promulgated to avoid. There is no time limitation for terms of reenlistment in 38 U.S.C. § 2024(d) nor is there a reasonableness requirement. To the extent that § 169.055.3 imposes such a restriction, it conflicts with federal statute and is preempted thereby. Cronin v. Police Dept. of City of New York, 675 F.Supp. 847 (S.D.N.Y.1987). See also Arrington v. State of Florida.
Congress intended to protect and compensate persons who serve in the armed forces, including reservists such as plaintiff. Reemployment rights of military service personnel are to be liberally construed in their favor. Gulf States Paper Corp. v. Ingram, 811 F.2d 1464, 1468 (11th Cir.1987). Section 169.055.3 hampers that intent of Congress and is not congruent with the Veteran's Reemployment Rights Act.
Lee v. City of Pensacola, 634 F.2d 886 (5th Cir.1981), raised by defendant as suggesting that an outer time limit for service may be imposed, is not apt. Lee contained a bad faith element on the part of the plaintiff, a factor not present in this case. See Cronin v. Police Dept. of City of New York, 675 F.Supp. at 852-53.
Finally, defendant argues that, under § 169.055, any award of retirement benefits must be calculated on the basis of the teacher's salary and benefits when he began his active duty. That is, defendants assert that any salary and benefit increases received while the teacher was on leave from the school district cannot enter into the retirement benefit calculus. This position must be rejected as being inimical to the plain language of 38 U.S.C. § 2021(b)(2) which provides that benefits are to be calculated on the salary and benefits schedule plaintiff would have received had he continued in his employment continuously from *1090 the time of entry into military service until the time of return to such employment. See Monroe v. Standard Oil Co., 452 U.S. 549, 553 n. 7, 101 S.Ct. 2510, 2513 n. 7, 69 L.Ed.2d 226 (1981); Cronin v. Police Dept. of City of New York, 675 F.Supp. at 854.
Based on the foregoing findings of fact and conclusions of law, plaintiff is entitled to judgment as prayed. Therefore,
Defendant is ordered to allow plaintiff to purchase retirement credit from it for the time period from December 1, 1980 through November 30, 1985. Defendant is further ordered to calculate plaintiff's retirement credit in accordance with the schedule of salary and benefits in effect at the Ferguson-Florissant School District during the time period from December 1, 1980 through November 30, 1985, as though plaintiff had been continuously employed with the district during that time period.
Judgment for plaintiff.

JUDGMENT
In accordance with the Court's Memorandum Opinion filed this date,
IT IS HEREBY ORDERED, ADJUDGED and DECREED that judgment be and is entered in favor of plaintiff Gerry H. Dailey and against defendant Public School Retirement System of Missouri.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that plaintiff recover of defendant the right to purchase retirement credit from defendant for the time period from December 1, 1980 through November 30, 1985.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that defendant calculate plaintiff's retirement credit in accordance with the schedule of salary and benefits in effect at the Ferguson-Florissant School District during the time period from December 1, 1980 through November 30, 1985, as though plaintiff had been continuously employed with the district during that time period.