August **ALMEIDA,** Joseph Almonte, Dennis Avila, John Baxter, Bernard George, Charles Caley, William Cambio, Paul Desrochers, James Dunn, Howard Indell, Phillip Lucca, John Mancini,Thomas Marcello, Tobias Martin, Gary Mazzie, Russell Molloy, Dennis Morgan, Lawrence McDonald, John Recupero, John Ricci, Philip Sheridan, Russell Spaight, Theodore Stolaz, Vernon Stromberg, Peter Todd, George Truman, Bruce Vittner, Eugene Wiggington, PlaintiffS,

v.

**RETIREMENT BOARD OF THE RHODE ISLAND EMPLOYEES RETIREMENT SYSTEM, Nancy Mayer, Chairperson and Treasurer of the Retirement Board of the Rhode Island Employees' Retirement System in her official capacity, and Joanne E. Flaminio, Executive Director of the Retirement Board of the Rhode Island Employees' Retirement System in her official capacity, Defendants.**

No. C.A.98-383-L.

United States District Court,
D. Rhode Island.

Oct. 5, 2000.

Gerard Paul Cobleigh, Cobleigh Watt Rock & Giacobbe, Warwick, RI, Patricia E. Andrews, Providence, RI, for Plaintiffs.

David D. Barricelli, Hinckley, Allen & Snyder, Providence, RI, for Defendants.

## OPINION AND ORDER

LAGUEUX, District Judge.

This case is before the Court on cross-motions for summary judgment. Plaintiffs, the twenty-eight[1] above named individuals, are members of the Rhode Island Employees Retirement System ("Retirement System"). They brought this suit for declaratory and injunctive relief under 42 U.S.C. § 1983 (1994) against the Retirement Board of the Rhode Island Retirement System ("Retirement Board"), Nancy Mayer in her official capacity as General Treasurer of the State of Rhode Island ex officio chairperson and treasurer of the Retirement Board, and Joanne Flaminio in her official capacity as executive director of the Retirement Board (collectively "defendants").[2] The parties have placed two issues before the Court. First, does 10 U.S.C. § 12736 (1994) preempt R.I. Gen. Laws § 36–10–9(5) (1997), thereby enabling plaintiffs to purchase up to four years of retirement credit in the Retirement System for prior active duty military service? And, second, does 10 U.S.C. § 12736 preempt R.I. Gen. Laws § 36–9–25(b) (1997), thereby enabling some plaintiffs to purchase credit in the Retirement System for military service performed concurrently with their state employment? Because this Court concludes that 10 U.S.C. § 12736 preempts R.I. Gen. Laws § 36–10–9(5) but does not preempt R.I. Gen. Laws § 36–9–25(b), plaintiffs' motion for summary judgment is granted in part and denied in part. Likewise, defendants'

---

1. Although twenty-nine individuals are listed as plaintiffs in the Joint Statement of Undisputed Facts ¶¶ 6 and 7, only twenty-eight individuals are named in the Complaint. Accordingly, Edward Charbonneau, whose name appears neither in the Complaint nor in any other Court document relating to this case prior to the Joint Statement of Undisputed Facts, is not a plaintiff in this case.

2. Since the filing of the suit both Mayer and Flamino have left office. Pursuant to Federal Rule of Civil Procedure 25(d)(1), their successors are automatically substituted as parties.

motion for summary judgement is granted in part and denied in part.

## I. Background

All plaintiffs are either Rhode Island state employees or public school teachers in various communities in Rhode Island and are active members of the Retirement System. *See* R.I. Gen. Laws § 36–9–2 (1997)(establishing that state employees shall become members of the Retirement System); *id.* § 16–16–2 (extending membership in the Retirement System to teachers). When a member of the Retirement System retires, the state employs a statutorily prescribed formula to calculate the individual's pension. *Id.* § 36–10–10(b). Under this formula, the greater the number of years of service credit, the greater the individual's retirement benefits. *Id.*

The Rhode Island legislature has decided to allow some members of the Retirement System to augment their number of years of service for pension purposes by permitting members to purchase a limited number of retirement credits for service that otherwise would not count in the Retirement System. *E.g.,* R.I. Gen. Laws § 36–9–31.1 (1997)(providing that any active member of the Retirement System who served in the peace corps, teacher corps, or volunteers in service to America may purchase up to four years of retirement credit for that service). Through R.I. Gen. Laws § 36–9–31(a) (1997), the state legislature extended the opportunity to purchase retirement credit to members of the Retirement System that had formerly served in the United States armed forces, stating:

> Any active member of the retirement system, who served on active duty in the armed service of the United States ... may purchase credit for that service up to a maximum of four (4) years provided that he or she has received an honorable discharge.

*Id. See also id.* § 16–16–7.1 (explicitly extending the same terms to any teachers who were members of the Retirement System); *id.* § 45–21–53 (1999)(allowing any active municipal employee to purchase credit in the Retirement System for prior active duty military service).

Plaintiffs seek to purchase service credits in the Retirement System for their military service pursuant to R.I. Gen. Laws §§ 16–16–7.1, 36–9–31 and 45–21–53. All plaintiffs have served in various capacities in the United States armed forces. Twenty-six of the twenty-eight plaintiffs have performed at least some active duty military service prior to beginning their employment with the state. The remaining two plaintiffs, August Almeida and Garry Mazzie, have performed all of their military service while they have been employed by the state. Joint Statement of Undisputed Facts ¶¶ 6 and 7. In addition, all plaintiffs are qualified or will qualify for federal military pensions.

At this point it is appropriate to distinguish the types of service for which the plaintiffs seek retirement credit. All plaintiffs, except Almeida and Mazzie, seek to purchase credit for military service prior to their membership in the Retirement System ("Prior Military Service"). Some plaintiffs, including several who wish to purchase credit for Prior Military Service, want to purchase credit for military service performed concurrently with their membership in the Retirement System ("Concurrent Military Service").[3]

In order to maintain the actuarial soundness of the state pension system, the Rhode Island legislature has limited the number of years of retirement credit, both purchased and earned, that a member may accumulate in the Retirement System. Plaintiffs agree that their proposed purchases of retirement credit for military service are properly limited by R.I. Gen.

---

**3.** Those plaintiffs seeking to purchase credit for Concurrent Military Service include: August Almeida, Joseph Almonte, Paul Desrochers, James Dunn, Gary Mazzie, Lawrence Mc-

Donald, John Ricci, Russell Spaight, Peter Todd, and George Truman. Joint Statement of Undisputed Facts ¶ 7.

Laws §§ 36–10–10(b)(capping the total number of retirement credits, either purchased or earned, at thirty-five years); 16–16–13(b)(applying the same thirty-five year cap to teachers); 36–9–31(a)(limiting to four years the number of credits in the Retirement System that may be purchased for Prior Military Service); and 36–10–9(3)(iv)(limiting to five years the total number of credits in the Retirement System that may be purchased by any member). Moreover, plaintiffs stipulate that they have received full service credit in the Retirement System during any leave of absence for military training or active service. Joint Statement of Undisputed Facts ¶ 11.

Although plaintiffs acknowledge the legitimacy of the above constraints and the State's need to establish protocols to ensure the fiscal solvency of its pension system, plaintiffs contest the validity of R.I. Gen. Laws §§ 36–10–9(5)(limiting the opportunity to purchase credit in the Retirement System for Prior Military Service to those individuals whose service has not been credited in another pension system) and 36–9–25(b)(providing that no member of the Retirement System shall receive more than one year of retirement credit for any one year of service). Section 36–10–9(5) states that no individual may receive credit in the Retirement System for any period of time that "counts as service credit in any other retirement system in which the member is vested or from which the member is receiving a pension and/or any annual payment for life," excepting any payments received pursuant to the federal Social Security Act. *Id.* Plaintiffs object to this limitation and argue that it has been preempted by 10 U.S.C. § 12736, which states:

> No period of service included wholly or partly in determining a person's right to, or the amount of, retired pay under this chapter may be excluded in determining his eligibility for any annuity, pension, or old-age benefit, under any other law, on account of civilian employment by the United States or otherwise, or in determining the amount payable under that

law, if that service is otherwise properly credited under it.

*Id.* Whether this language preempts R.I. Gen. Laws § 36–10–9(5) is the first issue presented by this case.

The second issue before the Court is whether § 12736 preempts R.I. Gen. Laws § 36–9–25(b), which provides that no member of the Retirement System may receive more than one year of retirement credit for any one year of service. That subset of plaintiffs seeking to purchase retirement credit for Concurrent Military Service argues that the state statute is preempted. They claim that receiving more than one year of credit for any one year of service is "double dipping" and as such should be upheld by this Court. Defendants argue that the limitation imposed by R.I. Gen. Laws § 36–9–25(b) is not preempted by 10 U.S.C. § 12736 because it classifies what type of service may be properly credited and does not discriminate on the basis of whether plaintiffs receive a military pension. Defendants further contend that plaintiffs should not be permitted to purchase any retirement credit that would result in an accumulation of more than one year of retirement credit for any one calendar year of service because such additional credit would not be "otherwise properly credited" under § 12736. The Court will address each issue in turn.

## II. Jurisdiction

This court has jurisdiction over the parties and the matter pursuant to 28 U.S.C. § 1331 (1994) and 42 U.S.C. §§ 1983 and 1988.

## III. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure sets forth the standard for ruling on a summary judgment motion:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). Summary judgment is appropriate when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In deciding a motion for summary judgment the Court must view the facts on the record and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Continental Cas. Co. v. Canadian Universal Ins. Co.*, 924 F.2d 370, 373 (1st Cir.1991). When ruling on cross motions for summary judgment, the court must consider each motion separately, drawing inferences against each movant in turn. *Blackie v. Maine*, 75 F.3d 716, 721 (1st Cir. 1996). Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. *Id.*

IV. Discussion

A. 10 U.S.C. § 12736 Preempts R.I. Gen. Laws § 36–10–9(5)

The first issue in this case is whether plaintiffs, pursuant to R.I. Gen. Laws § 36–9–31(a), are eligible to purchase up to four years of retirement credit in the Retirement System for Prior Military Service. Defendants argue that plaintiffs are not eligible to purchase credit for such service because they fail to meet the requirements of R.I. Gen. Laws § 36–10–9(5), which prohibits the purchase of credits in the Retirement System for any period of time that is counted in any other retirement or pension system in which the individual already receives or will receive a pension. In this case, plaintiffs have been prevented from purchasing credit for years of Prior Military Service that have already been counted toward their federal military pensions.

Plaintiffs contend that 10 U.S.C. § 12736 preempts R.I. Gen. Laws § 36–10–9(5) to the extent that individuals with vested military pensions are treated differently from those similarly situated individuals who do not receive a military pension. This Court will examine first the requirements for federal preemption of a state statute and then whether 10 U.S.C. § 12736 preempts R.I. Gen. Laws § 36–10–9(5).

1. Preemption Standard

 In deciding whether a federal law preempts a state statute, a court must determine the intent of Congress, which must be " 'clear and manifest' before preemption is found." *Talbott v. C.R. Bard, Inc.*, 63 F.3d 25, 27 (1st Cir.1995)(quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947)).

 The United States Supreme Court has established that "state law is pre-empted under the Supremacy Clause, U.S. Const., Art. VI, cl. 2, in three circumstances." *English v. Gen. Elec. Co.*, 496 U.S. 72, 78, 110 S.Ct. 2270, 110 L.Ed.2d 65 (1990). First, Congress may evince its preemptive intent through explicit preemption language. *Id.* Second, even without explicit language, preemption will occur if the Court concludes that Congress has manifested an intent to occupy exclusively the field of law in issue, preempting even supplemental state laws that do not actually conflict with federal law. *Philip Morris Inc. v. Harshbarger*, 122 F.3d 58, 68 (1st Cir.1997)(citing *Rice*, 331 U.S. at 230, 67 S.Ct. 1146). Finally, "state law is pre-empted to the extent that it actually conflicts with federal law." *English*, 496 U.S. at 79, 110 S.Ct. 2270. A conflict occurs when compliance with both state and federal law is a "physical impossibility," *Fla. Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142–43, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963), or where state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Hines v. Davidowitz*, 312 U.S. 52, 67, 61 S.Ct. 399, 85 L.Ed. 581 (1941).

Because there is no explicit preemption language in § 12736, this Court must examine Congress' intent in enacting the statute and then determine whether

§ 12736 meets either of the other two standards for preemption.

### a. Congressional Intent

 Although there is scant legislative history relating to § 12736, it seems clear that Congress designed § 12736 to protect military personnel who have earned a military pension from being denied state or local pension benefits for which they would otherwise be eligible. This intent can be found in the language of the statute itself. The phrase "under any other law" indicates that Congress specifically sought to protect those individuals receiving a military pension from being denied retirement benefits by government action. 10 U.S.C. § 12736. Pursuant to its Article I power over the military, Congress created the military pension system, in part, to induce members of the armed forces to remain in the reserves for at least the period of time necessary for them to perform the 20 years of service needed to qualify for a military pension, thereby keeping a significant cadre of trained people in reserve should the United States need to call on them. U.S. Const. art. 1, § 8, cls. 12 and 13; *Alexander v. Fioto,* 430 U.S. 634, 639, 97 S.Ct. 1345, 51 L.Ed.2d 694 (1977); *Cantwell v. County of San Mateo,* 631 F.2d 631, 635 (9th Cir. 1980). In furtherance of this goal, § 12736 prevents states from forcing former military personnel to choose between joining the reserves, qualifying for a military pension, but not being able to purchase credit in the state retirement system for their Prior Military Service and not joining the reserves but being permitted to purchase retirement credit for their Prior Military Service in the state retirement system.

### b. Field Preemption

 While Congress enacted § 12736 to prevent states from denying benefits to those members of their retirement system who receive a military pension, it did not intend that § 12736 preempt the entire field of pension law, even as those laws apply to military personnel. Congress evinced the limited nature of the restric-tions imposed on states by § 12736 when it included the phrase "unless otherwise properly credited." 10 U.S.C. § 12736. Although, as plaintiffs recognize, § 12736 does not require states to allow employees to purchase credit in the state retirement system for military service, *e.g., Ass'n of Orange County Deputy Sheriffs v. County of Orange,* 138 Cal.App.3d 569, 188 Cal. Rptr. 54, 56 (1982)(holding that Prior Military Service was not otherwise properly credited in a county retirement system when the county had explicitly opted not to allow any members to purchase retirement credit for prior federal service), § 12736 does prohibit states from limiting the option to purchase retirement credit for Prior Military Service only to those who do not enjoy a federal military pension. *Cantwell,* 631 F.2d at 635. States, therefore, are free to regulate their pension system in any manner they deem appropriate, as long as they do not deny benefits to individuals receiving a military pension because they receive that pension. *See id.* at 637.

### c. Direct Conflict

 Although Congress has not preempted the entire field of pension law, a state statute will be preempted if there exists a direct conflict between it and a federal law. *English,* 496 U.S. at 79, 110 S.Ct. 2270. In this case, R.I. Gen. Laws § 36–9–31(a) allows members of the Retirement System to purchase up to four years of retirement credit for Prior Military Service. *Id.* But, the Retirement Board has prohibited those members of the Retirement System who receive a military pension from purchasing credit for their Prior Military Service because that service has been counted toward their military pension. This results in the bizarre outcome in which an individual who served in the military on active duty for four years and did not join the reserves could, upon becoming a member of the Retirement System, purchase credit in the Retirement System for those four years of Prior Military Service. Whereas an indi-

vidual who served four years of active duty in the military, and then served in the reserves for another sixteen years and qualified for a military pension, would *not* be able to purchase credit in the Retirement System for that Prior Military Service upon becoming a member of the Retirement System. Such a result directly undermines Congress' intent to encourage military reserve service through § 12736. Therefore, this Court concludes that the state and federal statutes are in direct conflict on this issue and that, pursuant to the Supremacy Clause of the Constitution, 10 U.S.C. § 12736 preempts R.I. Gen. Laws § 36–10–9(b). U.S. Const. art VI, § 1, cl. 2.

Although the First Circuit has not previously addressed this issue, the Ninth Circuit authored the leading opinion on this issue nearly two decades ago in *Cantwell v. County of San Mateo*, 631 F.2d 631 (1980), a case nearly identical to the one before this Court today. In *Cantwell*, the Ninth Circuit held that 10 U.S.C. § 1336 (currently 10 U.S.C. § 12736) preempted a California state regulation that prohibited the purchase of retirement credit for Prior Military Service if the individual was receiving a military pension. *Cantwell*, 631 F.2d at 635–36. Although that decision does not bind this Court, the *Cantwell* Court's conclusions are persuasive in this instance. Like the majority of plaintiffs in the case at bar, Cantwell had served on active duty in the United States armed forces. *Id.* at 633. After leaving active service, Cantwell remained in the reserves for more than twenty years and qualified for a military pension. *Id.* During part of his time in the reserves, Cantwell was simultaneously employed by the County of San Mateo. *Id.* Cantwell brought suit seeking credit in the County retirement system for his prior active Navy service, not the time spent in the reserves, to which he believed he was entitled under Cal. Gov't Code §§ 31641.1 and 31641.2. *Cantwell*, 631 F.2d at 633. These sections of the California code allow members to receive credit in county retirement systems for prior public service. *Id.* at 633–

34. The County refused to credit Cantwell's prior service, however, citing Cal. Gov't Code § 31641.4, which allows credit for that prior public service only if the employee is not entitled to receive a pension from the public agency for which he worked. *Cantwell*, 631 F.2d at 634. The Ninth Circuit affirmed the district court's holding that the federal statute and the state statute were in direct conflict and that the federal statute therefore preempted the state legislation. *Id.* at 637. This Court reaches the same conclusion today and concludes that 10 U.S.C. § 12736 and R.I. Gen. Laws § 36–10–9(5) are in direct conflict and that the federal statute preempts the state regulation.

### 2. Prior Military Service Is "Otherwise Properly Credited" Under Rhode Island Law

Despite the decision in *Cantwell*, defendants argue that the credits which plaintiffs seek to purchase in the Retirement System are not "otherwise properly credited" under Rhode Island law as required by § 12736. Defendants suggest that because the prohibition in R.I. Gen. Laws § 36–10–9(5) against purchasing credit in the retirement system for a period of service that has already been credited in another pension system applies to all members of the Retirement System and not just to those with military service, the Prior Military Service for which plaintiffs seek to purchase credit cannot be "otherwise properly credited" in the Retirement System.

 Well-settled principles of statutory interpretation dictate that this Court must disagree with defendants' construction of § 12736 because to do otherwise would effectively render § 12736 meaningless and undermine Congress' intent. *Cantwell*, 631 F.2d at 634. When interpreting a statute a court should give the statute its plain meaning and read the statute so as to effectuate Congress' intent. *Parisi by Cooney v. Chater*, 69 F.3d 614, 617 (1st Cir.1995). To interpret the

phrase "otherwise properly credited" as defendants suggest would enable states to evade § 12736 and render impotent the statute's "under any other law" language. *Cantwell*, 631 F.2d at 634. Further, defendants' interpretation would effectively permit states to discriminate between similarly situated members of a state retirement system on the basis of whether a member received a military pension; this would directly contradict Congress' intent in enacting § 12736. *Cantwell*, 631 F.2d at 634. Therefore, this Court rejects defendants' proposed interpretation and agrees with the Ninth Circuit's understanding of the phrase-namely, that " 'otherwise [properly credited]' refers to any criteria the [state] pension plan may impose except for the fact that a person is receiving a [military] pension." *Id.* at 635.

By enacting § 12736, Congress sought to ensure that serving in the reserves long enough to earn a pension would not prevent an individual from receiving any retirement benefits a state may offer its employees. This intent is certainly consistent with the "otherwise properly credited" language in § 12736. Section 12736 does not prevent states from operating their pension system in the manner they deem appropriate, rather it ensures that reservists are not forced to forego retirement benefits because they receive a military pension.

As a result, the "otherwise properly credited" language cannot be construed so as to allow states to circumvent § 12736. *Cantwell*, 631 F.2d at 634. Instead, that language must be read to promote Congress' intent to protect reservists from being forced to choose in which retirement system to apply their Prior Military Service, while still affording states substantial control over their own pension systems. As plaintiffs acknowledge, Rhode Island is under no obligation to even allow members of the Retirement System to purchase credit for Prior Military Service. *See Cantwell*, 631 F.2d at 637; *Deputy Sheriffs*, 188 Cal.Rptr. at 57. Further, Rhode Island is free to enact limitations on the type and amount of service for which members of the Retirement System can purchase retirement credit. *E.g.*, R.I. Gen. Laws § 16–16–13(b); *id.* § 36–9–31(a); *id.* § 36–10–9(3)(iv); *id.* § 36–10–10(b). But Congress has declared that if a state chooses to offer the opportunity to purchase retirement credit to former military personnel, that it cannot differentiate between those who receive a military pension and those who do not. *Cantwell*, 631 F.2d at 635. Accordingly, the Court declares that defendants are required to allow plaintiffs to purchase up to four years of credit in the retirement system pursuant to the limitations of R.I. Gen. Laws § 36–9–31(a).

### B. Concurrent Military Service Is Not "Otherwise Properly Credited" Under § 12736

Although the "otherwise properly credited" language in § 12736 does not affect the rights of those plaintiffs seeking to purchase credit for Prior Military Service, it effectively eliminates the claims of those plaintiffs seeking to purchase credit for Concurrent Military Service. *Id.*

#### 1. Double Dipping

Plaintiffs claim that they should be allowed to purchase credit in the Retirement System for Concurrent Military Service, arguing that such a purchase would amount to "double dipping," a practice which other federal courts have sanctioned under § 12736. To support their claim, Plaintiffs rely on *Dailey v. Pub. Sch. Ret. Sys.*, 707 F.Supp. 1087 (E.D.Mo.1989) and *Arrington v. Florida*, 1984 WL 3181 (N.D.Fla.1984). This reliance, however, is misplaced. Although both the *Dailey* and *Arrington* Courts concluded that § 12736 contemplated and sanctioned the practice of "double dipping," the definition of "double dipping" used by those courts differs greatly from that which plaintiffs urge this Court to adopt today. *Dailey*, 707 F.Supp. at 1089; *Arrington*, 1984 WL 3181 at *4–5. In both *Dailey* and *Arrington*, "double

dipping" described the situation in which an individual receives credit in both the federal and state retirement systems for the same period of Prior Military Service. *Dailey*, 707 F.Supp. at 1089; *Arrington*, 1984 WL 3181 at *4–5. As this Court has decided earlier in this opinion, plaintiffs are entitled to purchase credit in the Retirement System for their Prior Military Service even though that service has already been credited in the federal pension system. Such a purchase of retirement credit for Prior Military Service was the "double dipping" at issue in the *Dailey* and *Arrington* cases. Therefore, those plaintiffs seeking to purchase retirement credit for Concurrent Military Service are not seeking to "double dip" and *Dailey* and *Arrington* do not support their claim.

### 2. Double Counting

Instead, plaintiffs' request to purchase credit for Concurrent Military Service, if granted, would amount to a "double counting" of a period of service in a single retirement system. Effectively, plaintiffs seek to evade the limitation imposed by R.I. Gen. Laws § 36–9–25(b) and acquire more than twelve months of retirement credit in the Retirement System during a single twelve month period. *Id.*

This somewhat complicated issue is best expressed through an example. Pursuant to R.I. Gen. Laws § 16–16–5 (Supp.1999), school teachers receive a full year's credit in the Retirement System even though they actually work only nine months during the year. *Id.* Conceivably, a school teacher could serve on "active duty"[4] for three months during the summer and seek to purchase credit in the Retirement System for those three months. If permitted, this in effect would enable that teacher to accumulate 15 months of credit in the Retirement System for only 12 months of service. This "double counting" of time in a single retirement system is not contem-

plated by § 12736 and is not permitted under Rhode Island law.

■ Section 36–9–25(b) of the Rhode Island General Laws provides that:

Notwithstanding any other section of law, no member of the retirement system shall be permitted to purchase service credit for any portion of a year for which he or she is already receiving service credit in this retirement system.

*Id.* Therefore, those plaintiffs who simultaneously worked for the state and served in the National Guard or reserves are only eligible to receive one year of retirement credit for one calender year of service.

■ In this instance the "otherwise properly credited" language in § 12736 is appropriately applied to bar plaintiffs' request. *See Sawyer v. County of Sonoma*, 719 F.2d 1001, 1006 (9th Cir.1983); *Deputy Sheriffs*, 188 Cal.Rptr. at 56. Both *Sawyer* and *Deputy Sheriffs* stand for the proposition that § 12736 has not displaced all of state pension law and that those regulations which do not discriminate on the basis of a military pension will not be preempted by § 12736. *Sawyer*, 719 F.2d at 1005; *Deputy Sheriffs*, 188 Cal.Rptr. at 56.

In *Sawyer*, a former county employee brought suit against the county and county retirement board seeking retirement benefits for his Prior Military Service. *Id.* at 1004 The Ninth Circuit held that retirement benefits could be denied under the "otherwise properly credited" language of § 12736 if the member of the retirement system failed to comply with the system's procedural requirements. *Id.* at 1006. In *Sawyer*, appellant failed to file a written notice of his election to claim his Prior Military Service. *Id.* at 1004. The *Sawyer* Court determined that the decision in *Cantwell* did not preempt the entire state regulatory scheme. *Sawyer*, 719 F.2d at

---

4. For purposes of this example and pursuant to the standard for summary judgment which requires that this Court make all reasonable assumptions in favor of the non-moving party, this Court assumes, without deciding, that the type of service indicated in this example meets the definition of "active duty" as contained in R.I. Gen. Laws § 36–9–31.

1005 (interpreting *Cantwell,* 631 F.2d at 639). Instead, the *Sawyer* Court concluded that the decision in *Cantwell* dictates that although states may not differentiate between members of a state retirement system on the basis of the member's eligibility for a military pension, states may require members to comply with otherwise applicable statutory prerequisites for receiving retirement credit. *Sawyer,* 719 F.2d at 1006.

■■■ Like the procedural requirement at issue in *Sawyer,* R.I. Gen. Laws § 36–9–25(b) is precisely the type of provision which comes within the "otherwise properly credited" language contained in § 12736. Because § 36–9–25(b) applies universally, regardless of whether an individual receives a military pension, it does not conflict with federal law and is not preempted by § 12736. Accordingly, plaintiffs will not be allowed to "double count" in the Retirement System.

Conclusion

For the preceding reasons, plaintiffs' motion for summary judgment is granted as to those plaintiffs seeking to purchase up to four years of credit in the Retirement System for Prior Military Service as defined in R.I. Gen. Laws § 36–9–31(a) and denied as to those plaintiffs seeking to purchase credit in the Retirement System for Concurrent Military Service for any period of time that has already been credited in the Retirement System. Accordingly, defendants motion is granted in part and denied in part.

■■■■ Although this is a split-decision, most plaintiffs are prevailing parties in this case, and thus entitled to costs and an award of attorney fees under 42 U.S.C. § 1988. Any motion for such costs, including counsel fees shall be made within thirty days of this decision. The application for counsel fees must be supported by a detailed, contemporaneous accounting of the time spent by the attorneys on this case. *Grendel's Den, Inc. v. Larkin,* 749 F.2d 945, 952 (1st Cir.1984). To avoid piecemeal appeals, no judgment declaring the rights of the parties shall enter until the issue of costs and counsel fees is resolved.

It is so ordered.